IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY<br>*Plaintiff,* | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:19-cv-00498 |
| CELINA SELF STORAGE, LP<br>*Defendant.* | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Fire & Casualty Company, Plaintiff in the above-styled action, and files this its Original Complaint for Declaratory Judgment and would respectfully show this Honorable Court as follows:

### I.   INTRODUCTION

1. Plaintiff, United Fire & Casualty Company (hereinafter "United Fire" or "Plaintiff"), is a foreign insurance company organized and existing under the laws of the State of Iowa with its principal place of business in the State of Iowa.

2. Defendant, Celina Self Storage, LP (hereinafter "Celina Self Storage" or "CSS") is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas. Defendant, Celina Self Storage, LP, may be served with citation and process by serving its registered agent, Vanjay Corporation, 18333 Preston Rd., Ste. 188, Dallas, Texas 75252, or wherever it may be found. The general partner of Defendant, Celina Self Storage, LP, is Vanjay Corporation. Vanjay Corporation is a Texas corporation with its principal place of business in Texas. Van Nichols is the president and a director of Vanjay Corporation. Van Nichols is a resident and citizen of Texas. Jay Mays is the vice president and a

director of Vanjay Corporation. Jay Mays is a resident and citizen of Texas.

3. This Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. § 1332. Plaintiff, by nature of its citizenship, is a citizen of the State of Iowa. Defendant Celina Self Storage, LP, by virtue of its formation, principal places of business, general partner, and officers and directors of its general partner, is a citizen of the State Texas. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because the facts and events which give rise to this controversy occurred in Celina, Collin County, Texas.

5. United Fire brings this action under 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code to determine its obligation under a contract of insurance with Celina Self Storage. Specifically, United Fire seeks a determination from the court that (1) the hail storm that occurred on or about March 24, 2019 did not result (a) in damage to the insured property in question that allowed the penetration of water through the roof covering, or (b) in the failure of the roof covering at the insured property in question to perform its intended function to keep out elements over an extended period of time; (2) the exclusion for cosmetic or appearance loss or damage applies to the claim Celina Self Storage submitted for hail damage to the roof of the insured property; and (3) the policy issued by United Fire to Celina Self Storage, policy number 85321906, does not provide coverage for hail damage the roof of the insured property sustained during a hail storm that occurred on or about March 24, 2019.

6. United Fire has complied with the laws of the State of Texas pertaining to corporations engaged in insurance business therein, and has paid all taxes and assessments and license fees, and has filed all reports required by the State of Texas.

## II.   FACTUAL BACKGROUND

7. At all times relevant herein, Celina Self Storage owned a storage facility located at 787 South Preston Road, Celina, Texas 75009 (the "Property"). The Property is located in Collin County.

8. United Fire issued a commercial property policy, policy number 85321906 (the "Policy"), to Celina Self Storage that provided coverage to the Property subject to the Policy's terms, conditions, endorsements, and exclusions. The Policy had effective dates of January 19, 2019 to January 19, 2020.

9. On or about March 24, 2019, hail fell on the Property. Celina Self Storage submitted a claim to United Fire following the hail storm, and United Fire commenced its investigation into the claim. United Fire retained an engineer to inspect the Property, and the engineer determined that the claimed damage to the roofs was cosmetic. United Fire determined that the hail that fell did not create any leaks and would not result in the failure of the roofs to perform their intended function for an extended period of time. United Fire determined that the Policy's Cosmetic or Appearance Loss or Damage Exclusion applied to the claimed damage to the Property's metal roofs.

## III.   INSURANCE POLICY

10. A true and correct copy of the United Fire insurance policy issued to Celina Self Storage is attached hereto as **Exhibit A**. The Policy provides in relevant part as follows:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A.   Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\* \* \*

  **B.**  **Exclusions and Limitations**

    See applicable Causes of Loss form as shown in the Declarations.

    \* \* \*

**CAUSES OF LOSS – SPECIAL FORM**

  **A.**  **Covered Causes Of Loss**

    When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

  **B.**  **Exclusions**

    \* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – COSMETIC OR APPEARANCE LOSS OR DAMAGE**
**CP 70 66 03 05**

  This endorsement modifies insurance provided under the following:

    CAUSES OF LOSS – BASIC FORM
    CAUSES OF LOSS – BROAD FORM
    CAUSES OF LOSS – SPECIAL FORM

  \* \* \*

  The following language is added to B. EXCLUSIONS in the Causes of Loss – Special Form:

  **5.**  **Cosmetic or Appearance Loss or Damage**

    We will not pay for loss or damage caused by the peril of hail that alters the physical appearance of any part of any roof covering made of metal but does not result in damage that allows the penetration of water through the roof covering **or does not result in the failure of the roof**

PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
PAGE 4

> **covering to perform its intended function** to keep out elements over an extended period of time. This exclusion applies to roof coverings including the roofing material exposed to weather, its underlayments applied for moisture protection and all flashings required in application of the roof covering.
>
> Hail damage to roof coverings that results in damage that will allow the penetration of water through the roof covering **or that results in the failure of the roof covering to perform its intended function** to keep out elements over an extended period of time is not subject to this exclusion.

\* \* \*

## IV. REQUEST FOR DECLARATORY RELIEF

11. United Fire petitions the Court, pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code, for the following declarations, that

    a. the hail storm that occurred on or about March 24, 2019 did not result

        i. in damage to the insured property in question that allowed the penetration of water through the roof covering, or

        ii. in the failure of the roof covering at the insured property in question to perform its intended function to keep out elements over an extended period of time; and

    b. the exclusion for cosmetic or appearance loss or damage applies to the claim Celina Self Storage submitted for hail damage to the roof of the insured property; and

    c. the policy issued by United Fire to Celina Self Storage, policy

number 85321906, does not provide coverage for hail damage the roof of the insured property sustained during a hail storm that occurred on or about March 24, 2019.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, United Fire & Casualty Company, respectfully prays that the Court

    a.    Render the declarations requested herein; and

    b.    Grant it any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP

By: _____
J. Chad Gauntt
State Bar No. 07765990
chad.gauntt@gkbklaw.com
Attorney in Charge
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:     281-367-6555
Facsimile:     281-367-3705
**COUNSEL FOR PLAINTIFF, UNITED FIRE & CASUALTY COMPANY**